# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANDREA FOWLKES, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:21-CV-00928 |
| v. | § | Judge Mazzant |
| | § | |
| TRANS UNION, LLC, AND CREDIT ACCEPTANCE CORPORATION, | § § § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Credit Acceptance Corporation's Motion to Compel Arbitration and Motion to Dismiss (Dkt. #7). Having considered the motion and the response, the Court finds the motion should be **GRANTED**.

## BACKGROUND

On July 18, 2018, Plaintiff Andrea Fowlkes ("Fowlkes") executed a contract (the "Contract") with a car dealership for the purchase of a vehicle (Dkt. 7 at ¶ 2). The Contract was subsequently assigned to Defendant Credit Acceptance Corporation ("Credit Acceptance"). The Contract contains an Arbitration Clause, which states that "any controversy or claim . . . arising out of or in any way related to this Contract" must be resolved through arbitration (Dkt. #7, Exhibit 2).

On November 23, 2021, Fowlkes filed the underlying lawsuit against Defendants,[1] alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (Dkt. #1). On March 10, 2022, Credit Acceptance filed the present motion (Dkt. #7). According to the motion, dismissal with prejudice of Fowlkes's claims against Credit Acceptance is warranted under Federal Rule of Civil

---

[1] On March 14, 2022, a notice of settlement was filed regarding Fowlkes's claims against Defendant Trans Union, LLC (Dkt. #9). Accordingly, the present motion concerns only Fowlkes's claims against Credit Acceptance.

Procedure 12(b)(3) because Fowlkes agreed to resolve any disputes related to the Contract through "binding arbitration pursuant to the rules and procedures of either the American Arbitration Association [ ] or JAMS" (Dkt. #7 at ¶ 6).

On March 24, 2022, Fowlkes filed a response in which she states she is unopposed to Credit Acceptance's request that her claims be resolved through arbitration (Dkt. #11). However, Fowlkes opposes dismissal of her claims with prejudice, stating this would prevent her from re-filing her claims with an arbitrator (Dkt. #11 at p. 1). Instead, Fowlkes requests her claims be dismissed without prejudice. On March 30, 2022, Credit Acceptance replied that it is unopposed to a dismissal without prejudice (Dkt. #12).

## ANALYSIS

As stated, the parties' Contract contains an Arbitration Clause requiring any and all claims "arising out of or in any way related to [the] Contract . . . includ[ing] contract claims, and claims based on tort, violations of laws, statutes, ordinances, or regulations or any other legal or equitable theories" be resolved by arbitration (Dkt. #7 at ¶ 13). Fowlkes does not dispute that she entered into the Contract voluntarily or that, in signing the Contract, she was acknowledging that she had read, understood, and agreed to its terms (Dkt. #7 at ¶ 2). Based on Fowlkes's voluntary execution of the Contract, Credit Acceptance alleges that dismissal under Rule 12(b)(3) is appropriate.

Given Fowlkes's agreement to dismissal of her claims against Credit Acceptance so that they may be resolved by arbitration, the Court agrees that dismissal is warranted. Although "[t]he Fifth Circuit has not definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration clause," "the Fifth Circuit has noted that arbitration clauses are indistinguishable from forum-selection clauses for enforceability purposes and has analyzed motions to dismiss based on arbitration clauses under Rule 12(b)(3)." *Sinners &*

*Saints, L.L.C. v. Noire Blanc Films, L.L.C.*, 937 F. Supp. 2d 835, 844–45 (E.D. La. 2013) (first citing *Lim v. Offshore Specialty Fabricators, Inc.*, 4040 F.3d 898, 902 (5th Cir. 2005), then citing *Nobel Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010)). Further, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). By entering into the Contract, the parties agreed to dispute any and all claims related to or arising out of the Contract through binding arbitration. Thus, the Court will compel Fowlkes to resolve her claims against Credit Acceptance through arbitration. Accordingly, the Court will dismiss without prejudice Fowlkes's claims against Credit Acceptance pursuant to Rule 12(b)(3).

## CONCLUSION

It is, therefore, **ORDERED** that Defendant Credit Acceptance Corporation's Motion to Compel Arbitration and Motion to Dismiss (Dkt. #7) is **GRANTED**. Accordingly, Plaintiff Andrea Fowlkes is **ORDERED** to arbitrate her claims against Defendant Credit Acceptance Corporation in accordance with the Arbitration Clause in the parties' Contract.

It is further **ORDERED** that Plaintiff Andrea Fowlkes's claims against Defendant Credit Acceptance Corporation are hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of April, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE